Opinion issued January 20, 2005









 





     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00582-CV




HOUSTON PROFESSIONAL FIRE FIGHTERS’ ASSOCIATION, LOCAL
341; STEVEN D. WILLIAMS, INDIVIDUALLY AND AS PRESIDENT OF
LOCAL 341, Appellants

V.

CITY OF HOUSTON; FIRE CHIEF CHRISTOPHER CONNEALY,
Appellees




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2002-05788




CONCURRING OPINION

          At issue in this case is the legal status of cadets or fire fighter trainees under
the Fire Fighters’ and Police Officers’ Civil Service Act, Chapter 143 of the Texas
Local Government Code. In two points of error, the Houston Professional Fire
Fighters Association (HPFFA) argues that the trial court erred in granting the City of
Houston (the City) summary judgment on HPFFA’s claims. HPFFA contends that
although Houston Fire Department (HFD) cadets are non-classified civilian
employees, under a City program that became effective November 17, 2001, they are
performing emergency ambulance services reserved for classified employees; they are
thus displacing classified fire fighters in contravention of Chapter 143 and section 4-9
of the Houston Code of Ordinances, entitling the displaced fire fighters to
reinstatement of these functions, back pay, and other damages. I agree with the
majority that the trial court properly granted summary judgment in favor of the City.
          As I see it, the questions for this Court are (1) whether cadets are civilian
employees of HFD, or whether, although they are not separately listed as classified
employees in the City’s classification ordinance (as the City points out), they are
nevertheless classified members of the fire department, and, if the latter, (2) whether,
by implementing a program under which cadets furnish emergency ambulance
services, the City is violating section 4-9 of the Houston Code of Ordinances, which
reads:
Sec. 4-9. Persons authorized to engage in emergency ambulance service.
 
(a) The operation of emergency ambulances on the streets of the city for the
furnishing of emergency ambulance service is hereby declared to be a
governmental function of the city to be performed by the fire department in
accordance with the terms of this chapter. It shall be unlawful for any person
or persons, other than members of such fire department in its classified civil
service, while driving emergency ambulances operated by the Fire department,
to furnish or to attempt to furnish emergency ambulance service or to operate
or drive or cause to be operated or driven any ambulance on the streets of the
city for the purpose of furnishing emergency ambulance service.

Houston, Tex., Ordinances § 4-9(a) (emphasis added.) 
          Chapter 143, the Fire Fighters’ and Police Officers’ Civil Service Act, defines
a fire fighter as “a member of a fire department who was appointed in substantial
compliance with this chapter” or who is entitled to civil service status under sections
of the Act not applicable here. Tex. Local Gov’t Code § 143.003 (Vernon Supp.
2004-2005). “The term includes employees who perform. . . . (G) fire medical
emergency technology. . . .” Id. Since a fire fighter is, by definition, a person who
was appointed in substantial compliance with Chapter 143 and who, inter alia,
performs “fire medical emergency technology,” the question becomes whether HFD
cadets who perform emergency ambulance services are members of the HFD who
were appointed in substantial compliance with Chapter 143; if so, they are, by
definition, classified members of the fire department under the Fire Fighters’ and
Police Officers’ Civil Service Act, and not mere civilian employees of the fire
department. 
          Section 143.021 of the Act provides that (a) the civil service commission “shall
provide for the classification of all fire fighters”; that (b), with certain exceptions
inapplicable in this case, “each fire fighter . . . is classified as prescribed by this
subchapter and has civil service protection”; and that (c) each position or
classification may be filled “only from an eligibility list that results from an
examination held in accordance with this chapter.” Id. § 143.021. Section 143.023
sets out the requirements for eligibility for a beginning position in the fire
department; section 143.025 provides for entrance examinations; and section 143.026
prescribes the procedure for filling beginning positions in a fire department by
appointment from among those persons having the highest grade on the eligibility list. 
Id., §§ 143.024, 143.025, 143.026. 
          Since HFD cadets must, by law, be appointed in compliance with the
requirements of Chapter 143 for beginning positions in a fire department, and since,
under the plain language of section 143.021, each is consequently “classified as
prescribed by this subchapter and has civil service protection,” HFD cadets
necessarily satisfy Houston City Ordinance section 4-9's requirement that persons
“driving emergency ambulances operated by the Fire department” be “members of
such fire department in its classified civil service” — unless there is evidence in the
record that HFD cadets are not, in fact, appointed as prescribed by Chapter 143,
which there is not.
          As the City has pointed out in its briefing, HPFFA’s argument that cadets are
not classified fire fighters, but civilian employees, is based on nothing more than the
City’s failure to list “cadets” in its Fire Department classification ordinance and the
former practice of the HFD of not administering the civil service examination to
cadets until after they had been hired and completed their training – a practice found
to violate Chapter 143 in Nugent v. City of Houston, 159 F. Supp. 2d 529 (S.D. Tex.
2001), and subsequently changed. 


 There is no allegation and no evidence in this
case that the HFD cadets alleged to have performed the emergency medical services
contemplated by section 4-9 were, in fact, hired by HFD without compliance with the
terms of Chapter 143 and are, therefore, civilians and not classified employees
protected by the Civil Service Act. Cf. Lee v. City of Houston, 807 S.W.2d 290 (Tex.
1991)(appointment of unclassified civilians who did not meet requirements of
Chapter 143 into police department positions that had same supervisory
responsibilities as deputy chiefs of police and lieutenants contravened Fire Fighters’
and Police Officers’ Civil Service Act). Nor does HPFFA even make such a
complaint. Rather, HPFFA’s complaint is that only fully trained fire fighters may
perform emergency medical services and that the performance of such functions by
trainees contravenes Chapter 143 and section 4-9. However, neither Chapter 143 of
the Local Government Code nor section 4-9 of the City’s Code of Ordinances
requires that only classified fire fighters who have completed their training as fire
fighters may perform emergency medical services. Thus, there is no statutory bar to
the HFD’s program of using cadets to perform emergency ambulance services. 
HPFFA’s suit is without merit.
          Because I agree with the majority that the trial court did not err in granting
summary judgment for the City, I concur in the judgment of the panel.
 
 
                                                             Evelyn V. Keyes
                                                             Justice